**Opinion issued June 8, 2023**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

## NO. 01-23-00284-CR

———————————

**FEDERICO RUBIO PAREDES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Case No. 1729334**

## MEMORANDUM OPINION

Appellant, Federico Rubio Paredes, appealed from the trial court's April 6, 2023 judgment of conviction. On May 23, 2023, appellant filed an "Emergency Motion to Dismiss Appeal," stating that he had "filed a timely motion for new trial that was granted by the trial court on May 19, 2023." Despite the trial court's order

granting new trial, appellant's motion states that he "remains in custody because his notice of appeal . . . remains in effect and he is unable to make an appeal bond." However, because his conviction "has already been overturned by the trial court," appellant "no longer wishes to pursue" his appeal, and requests that the Court dismiss his appeal.

Appellant's motion is signed by appellant's counsel, but not by appellant. Accordingly, appellant's motion to dismiss fails to comply with the requirements of Texas Rule of Appellate Procedure 42.2, governing voluntary dismissal in criminal cases. *See* TEX. R. APP. P. 42.2(a) ("At any time before the appellate court's decision, the appellate court may dismiss the appeal upon the appellant's motion. The appellant *and* his or her attorney must sign the written motion to dismiss . . . ." (emphasis added)).

We note however that the granting of a motion for new trial restores the case to its position before the former trial. *See* TEX. R. APP. P. 21.9(b). Accordingly, the trial court's order granting a new trial has rendered the appeal moot. *See* TEX. R. APP. P. 21.9(b); *see also Villegas v. State*, No. 01-12-00605-CR, 2012 WL 6208301, at *1 (Tex. App.—Houston [1st Dist.] Dec. 13, 2012, no pet.) (mem. op., not designated for publication) (dismissing appeal as moot where trial court granted new trial although "appellant did not sign the motion to dismiss").

2

Appellant's motion also requests that the Court immediately issue its mandate. An appellate clerk may issue a mandate early either on agreement of the parties, "or for good cause on the motion of a party." *See* Tex. R. App. P. 18.1(c). We construe this request, included in appellant's motion to dismiss, as a motion for immediate issuance of the mandate.

Accordingly, we dismiss the appeal as moot. *See* Tex. R. App. P. 43.2(f). We further grant appellant's motion for immediate issuance of the mandate and direct the Clerk of this Court to immediately issue the mandate. *See* Tex. R. App. P. 18.1(c). We dismiss any other pending motions, including appellant's Emergency Motion to Dismiss Appeal, as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guerra and Farris.

Do not publish. Tex. R. App. P. 47.2(b).